STATE OF NEBRASKA EX REL. NEBRASKA STATE BAR ASSOCIATION, RELATOR, V. DAYTON O. RASMUSSEN, JR., RESPONDENT.

439 N.W.2d 481

Filed May 5, 1989.    No. 88-234.

Alison L. Larson, Assistant Counsel for Discipline, for relator.

No appearance for respondent.

BOSLAUGH, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ., and COLWELL, D.J., Retired.

PER CURIAM.

This is an original disciplinary proceeding against respondent, Dayton O. Rasmussen, Jr., of Omaha, Nebraska, who was formally charged with (1) violating his oath of office as provided in Neb. Rev. Stat. § 7-104 (Reissue 1987), and (2) violating provisions of the Code of Professional Responsibility adopted by this court, namely: "DR 1-102 Misconduct. (A) A

lawyer shall not: (1) Violate a Disciplinary Rule," and "DR 6-101 Failing to Act Competently. (A) A lawyer shall not: . . . (2) Handle a legal matter without preparation adequate in the circumstances. (3) Neglect a legal matter entrusted to him."

Respondent failed to appear at the referee's hearing on June 30, 1988. The referee recommended a reprimand and other sanctions. We enter a judgment of disbarment.

Generally, the facts and issues concern the attorney-client relationship of respondent and his client, Betty Seher, of Omaha, Nebraska, and particularly respondent's inattention to Seher's interests in a pending lawsuit. Respondent was admitted to the practice of law on February 26, 1948.

The following uncontroverted facts were developed in the proceedings before both the Committee on Inquiry of the Second Disciplinary District and the referee. On August 22, 1984, respondent filed suit on behalf of Seher in the U.S. District Court for the District of Nebraska against Seher's former employer, alleging age and sex discrimination, retaliation, and breach of contract. On August 1, 1986, Seher wrote to the Counsel for Discipline of the Nebraska State Bar Association, complaining about respondent's inattention to her pending lawsuit and failure to appear for appointments. By letter of August 14, 1986, the office of the Counsel for Discipline informed respondent of Seher's complaint and gave respondent 15 days to respond. Respondent replied by letter on April 7, 1987, claiming that he had kept Seher advised of the progress of her pending case, but that Seher had harassed him by unreasonable requests for information. In fact, during the period between August 14, 1986, and April 7, 1987, the following court proceedings were had in the case. A pretrial conference was scheduled and noticed for January 23, 1987. Respondent failed to appear at the conference. The court directed defendant's counsel to file a motion for summary judgment supported by affidavits and briefs and to advise respondent of the February 13, 1987, deadline for filing countermotions, briefs, and affidavits. Defendant filed a motion for summary judgment and, on February 23, 1987, respondent was granted an extension to March 2, 1987, for filing a resistance to the motion. Respondent failed to file any

response, and summary judgment was entered for defendant against Seher on March 9, 1987. Respondent failed to notify Seher of the judgment. Seher learned of the judgment from other sources after the time for appeal had expired. Respondent's unsupported explanation for his inaction was that he had previously informed Seher that the issues in her case were barred by an adverse judgment in a separate compensation case and that her pending suit was without merit. Seher denied this conversation.

Following hearing, the referee reported a finding that the allegations in the complaint had been established, and made a recommendation that a reprimand be issued accompanied by an opportunity for respondent to voluntarily surrender his license upon condition that it not be reinstated for at least 6 months and only after other affirmative showings to be made by respondent. Relator excepts to the recommended disciplinary sanctions. Respondent failed to file his written brief in this court.

We review the evidence de novo to determine if discipline should be imposed and, if it should, the extent thereof, bearing in mind that cumulative acts of misconduct are distinguishable from isolated incidents of neglect and therefore justify more serious sanctions. See *State ex rel. NSBA v. Frank*, 214 Neb. 825, 336 N.W.2d 557 (1983). The nature and extent of discipline to be imposed is determined by a consideration of the nature of the offense, the need for deterring others, the maintenance of the reputation of the bar as a whole, the protection of the public, the attitude of the offender generally, and his or her present or future fitness to continue in the practice of law. *State ex rel. NSBA v. Cohen*, 231 Neb. 405, 436 N.W.2d 202 (1989).

In *State ex rel. Nebraska State Bar Association v. Walsh*, 206 Neb. 737, 747, 294 N.W.2d 873, 878 (1980), we said that a "[v]iolation of any of the ethical standards relating to the practice of law or any conduct of an attorney . . . which tends to bring reproach on the courts or the legal profession [constitutes] grounds for suspension or disbarment."

The record clearly demonstrates that respondent has violated his oath of office and the disciplinary rules alleged in the complaint. Respondent, after notice, continually failed to

professionally attend to the interests of his client, which failure was compounded by his letter of April 7, 1987, after default judgment, claiming that he had kept his client, Seher, informed of the pending proceedings. His excuse that the lawsuit was without merit is unacceptable. An attorney who neglects a matter entrusted to him has failed to act competently. See *State ex rel. NSBA v. Doerr*, 216 Neb. 504, 344 N.W.2d 464 (1984). In addition, respondent's failure to attend judicial hearings, his failure to file delayed pleadings pursuant to his own requests, and his failure to otherwise respect and perform his duties as an officer of the courts brings the courts and the legal profession into disrepute. There is no evidence of respondent's present capability to perform his duties as a lawyer.

While disbarment is a harsh penalty to impose upon an attorney with 40 years of bar membership, we conclude that a judgment of disbarment is appropriate.

JUDGMENT OF DISBARMENT.